IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cr-00173-MHT |
| | ) | (WO) |
| WILLIAM KYLE RICHARDS | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

Now pending before the court is the government's motion for a preliminary order of forfeiture filed on November 10, 2021.

The government gave notice to defendant William Kyle Richards in the indictment (Doc. 1) that it would seek the forfeiture of any and all property constituting or derived from proceeds defendant obtained directly or indirectly, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i), and 21 U.S.C. § 841(a)(1). The defendant consents to the forfeiture. *See* Plea Agreement (Doc. 81, pp. 7-9, ¶¶ 13-20).

Accordingly, it is ORDERED that the government's motion for a preliminary order of forfeiture (Doc. 89) is granted as follows:

1. As a result of the guilty plea to Counts 1-5 of the indictment, the defendant shall forfeit to the government, pursuant to 21 U.S.C. § 853 and 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1) by 28 U.S.C. § 2461(c), any and all property constituting or derived from proceeds defendant obtained directly or indirectly from, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of, the offenses in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i), and 21 U.S.C. § 841(a)(1).

2. The court has determined that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1) by 28 U.S.C. § 2461(c);

that the defendant has an interest in such property; and, that the government has established the requisite nexus between such property and such offenses: **an American Tactical Imports, model Omni Hybrid Maxx, multi-caliber rifle, bearing serial number NS053166 and assorted ammunition.**

3. Upon the entry of this order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

4. Upon entry of this order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this order.

5. The government shall publish notice of the order and of its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The government may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6. Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(n)(6).

7. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The government shall have clear title to the subject property following the court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c), for the filing of third-party petitions.

10. The court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

11. It is further ORDERED that the clerk of the court shall note entry of this order in writing on the judgment and forward a certified copy of this order to the United States Attorney's Office.

DONE, this the 30th day of November, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE