IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA     )
                             )    CRIMINAL ACTION NO.
    v.                       )       2:21cr173-MHT
                             )           (WO)
WILLIAM KYLE RICHARDS        )
```

ORDER

Based on information the court received about the defendant William Kyle Richards's mental-health history in reference to an ex parte motion,* and having received the presentence report specified in 18 U.S.C. § 3552(a), the court requires additional information before determining the sentence that should be imposed in this case. In such circumstances, 18 U.S.C. § 3552(b) permits a sentencing court to order a "study of the defendant" by a qualified consultant addressing matters specified by the court that are "pertinent to the factors set forth in section 3553(a)," which in turn describes the factors to be considered in imposing

---

\* The court will take up with the parties at a later date whether the information received ex parte should be shared with all parties.

a sentence.  18 U.S.C. § 3552(b); *see also id.* § 3553(a).

In this case, the court requires additional information about defendant Richards's mental condition for the purpose of formulating an appropriate sentence and conditions of supervision.  This should be a comprehensive mental-health evaluation addressing all aspects of the defendant's mental condition and any substance-use disorders he may have.  As part of this evaluation, the court also specifically requires information regarding the defendant's history of serious trauma and adverse childhood experiences (ACEs) and whether either contributed to any present mental-health disorders or needs.  Accordingly, the court will order that a comprehensive evaluation of all of the above be conducted locally by Dr. Adriana Flores, of Atlanta, Georgia.

To determine the sentence appropriate to a particular defendant, 18 U.S.C. § 3553(a) requires a

court to consider the factors set forth in that statutory section.  Regarding ACEs in particular, the court has previously found that the effect of ACEs on a defendant's relevant substance use or other criminal conduct goes "squarely to the application of § 3553(a)(1), which commands a sentencing court to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *United States v. Carter*, 506 F.Supp.3d 1204, 1212 (M.D. Ala. 2020) (quoting 18 U.S.C. § 3553(a)(1)).  Inquiry into these issues is also "appropriate under § 3553(a)(5)," which refers to any pertinent policy statements of the United States Sentencing Commission, because the Commission "has explained in a policy statement that '[m]ental and emotional conditions' that are 'present to an unusual degree' are mitigating factors in determining a defendant's sentence."  *Id.* (quoting U.S.S.G. § 5H1.3).

3

This information may also be relevant to § 3553(a)(2)(B) and (C), subsections requiring consideration of the need for the sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes, because a sentence that does not address a defendant's mental-health disorders or the ongoing effects of adult trauma or ACEs may do little to deter or prevent subsequent criminal activity if the defendant's conduct is driven by substance abuse or other sequelae of trauma. *See id*. And finally, an evaluation of the defendant's particular treatment needs and the underlying causes of such individual's mental condition, including an assessment of how ACEs or other traumatic experiences may affect the defendant's mental-health status, may be necessary for the court to consider how it can provide the defendant "with critical care and treatment in the most effective manner," as instructed by § 3553(a)(2)(D). *Id.*

4

Dr. Flores should consider all of these factors in making the recommendations included in her report.

\*\*\*

Accordingly, pursuant to 18 U.S.C. § 3552(b), it is ORDERED that:

(1) A comprehensive mental-health evaluation of the defendant William Kyle Richards shall be conducted by Dr. Adriana Flores, 3520 Piedmont Road, NE, Suite 330, Atlanta, GA 30305, 404-849-6022.  This evaluation should address defendant Richards's mental-health history and present symptoms, a description of the psychiatric, psychological, and medical tests, if any, that were employed and their results, Dr. Flores's findings, and her opinions as to diagnosis and any recommendations she may have as to how the mental condition of defendant Richards should affect the sentence.  *See* 18 U.S.C. § 4247(c)(4)(f).  As set forth above, the evaluation should include specific consideration of defendant Richards's history of adult

5

trauma and ACEs; whether such trauma or ACEs contributed to the development of any mental disorders, including substance-abuse disorders; the impact, if any, of adult trauma or ACEs on his current functioning; and whether and if so, how his trauma history may have contributed to the conduct charged in this case.  Dr. Flores should also provide specific recommendations for appropriate treatment and other supportive programs or services, both during incarceration and while on supervised release, to address any problems identified by the evaluation and help defendant Richards become a productive and law-abiding citizen.

(2) The U.S. Probation Office shall provide a copy of this order and defendant Richards's presentence investigation report to Dr. Flores and shall provide other documents regarding defendant Richards to Dr. Flores upon her request.  The U.S. Probation Office shall inform Dr. Flores how to arrange for the

evaluation of defendant Richards, and, if she faces difficulty in making such arrangements, shall facilitate arrangements for the evaluation.

(3) Dr. Flores shall provide a report of the evaluation to the U.S. Probation Office on or before April 1, 2022, for filing with the court under seal. If Dr. Flores requires additional time, she should make a written request to the court through the U.S. Probation Office.

(4) Upon completion of the evaluation, Dr. Flores shall submit her bill to the U.S. Probation Office for processing.

(5) Sentencing remains set for April 8, 2022.

DONE, this the 18th day of February, 2022.

                                           /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**